**SO ORDERED.**

**SIGNED this 15 day of January, 2014.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

| | |
|---|---|
| TARMINA WHITNEY, | CHAPTER 13 |
| HAROLD WESLEY MASON, | CASE NO. 13-05671-8-RDD |
| DEBTORS | |

**ORDER OVERRULING THE OBJECTION TO CLAIM FOR EXEMPTION**

Pending before the Court is the Objection to Claim for Exemption filed by the Chapter 13 Trustee (the "Trustee") on October 23, 2013 (the "Objection") and the Response to Objection to Claim for Exemption filed by Tarmina Whitney and Harold Wesley Mason (the "Debtors") on November 7, 2013 (the "Response"). The Court conducted a hearing on November 26, 2013, in Greenville, North Carolina to consider the Objection and the Response.

The Debtors filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code on September 9, 2013. On their Chapter 13 petition, the Debtors listed 180 Pine St., Pantego, North Carolina as their street address. In their Schedule A, the Debtors listed two parcels of real property as follows: (a) home on 1.30 acre lot located at 4490 Pilley Ave., Pantego, North Carolina (the "Real Property") with a tax value of $167,099.00; and (b) modular house and .5 acre lot with a tax value

of approximately $160,000.00, located at 180 Pine Street, Pantego, North Carolina ("180 Pine Street"). The Schedules state the Real Property is owned fee simple by the female debtor. The Schedules state the male debtor and the female debtor own 180 Pine Street as tenants by the entirety. Springleaf Financial Services holds a secured claim against the Real Property in the approximate amount of $28,281.58. Midland Mortgage holds a secured claim against 180 Pine Street in the amount of $170,356.95. Pursuant to N.C. Gen. Stat. § 1C-1601(a)(1) the Debtors claim an exemption in the amount of $30,580.44 as to the Real Property. The Schedules state the female debtor inherited the Real Property and that the Real Property is in a depressed, rural area. The Schedules further state the house located on the Real Property is in disrepair and needs many repairs including roofing, painting, caulking, and floor repairs. It is the Debtors' belief that the Real Property will sell for no more than $65,000.00. The Trustee objects to the Debtors' claim for exemption as to the Real Property and contends that the Debtors do not use the Real Property as their residence and as a result the Real Property cannot be claimed as exempt pursuant to N.C. Gen. Stat. § 1C-1601(a)(1).

At the hearing, the female debtor testified that she and the male debtor had been married for approximately six years. She represented that it was her intent to reside at the Real Property. The female debtor testified that in 2009 she inherited the Real Property from her mother. She explained that the Real Property was vacant until she moved there in May of 2013 and that she resides at the Real Property approximately ten days per month. Her husband, the male debtor resides at 180 Pine Street. The female debtor further testified that she began residing in the Real Property to ensure it was properly maintained. She represented that the Real Property and the 180 Pine Street property are approximately 200 yards apart and are in an extremely depressed area. The female debtor

testified that she uses the Real Property as her residence and that she maintains utilities, running water, and a television with a converter box and antenna. In addition, the female debtor testified that she keeps much of her personalty in the Real Property, including her bed. She maintains the property taxes and intends to make payments on the Real Property through the Chapter 13 plan.

The Court must look to North Carolina law when determining a debtor's claimed exemptions. *In re Cook*, Case No. 02-11321 at 2 (Bankr. W.D.N.C. March 4, 2003) (Hodges, J.). N.C. Gen. Stat. § 1C-1601(a)(1) provides "[e]ach individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of creditors: (1) the debtor's aggregate interest, not to exceed thirty-five thousand dollars ($35,000) in value, in real property or personal property that the debtor or a dependent of the debtor . . . *uses* as a residence." This language suggests the purpose of the residential exemption statute is "to secure debtors and their families the shelter of a homestead." *In re Cook*, Case No. 02-11321 at 4 (Bankr. W.D.N.C. March 4, 2003) (Hodges, J.) (emphasis added).

N.C. Gen. Stat. § 1C-1601(a)(1) includes the language "uses as a residence" as an element of the exemption. Merriam-Webster Dictionary defines "residence" as "the act or fact of dwelling in a place for some time," and as "a building used as a home." www.merriam-webster.com. 11 U.S.C. § 101(13A) provides:

> The term "debtor's principal residence": -
> (A) means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and
> (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.

This Court has previously addressed the issue of whether a particular piece of real property constitutes the debtor's residence in *In re Foster*, 348 B.R. 58, 60 (Bankr. E.D.N.C. Aug. 15, 2006).

There, the Court found that the debtor was entitled to the N.C. homestead exemption even though she did not currently live in the house, that was rendered uninhabitable by hurricane damage, when the debtor stated it was her intention to use the property as her residence as soon as the repairs were made, and the debtor continued paying her property taxes, and stored her personal property within the house. *In re Foster*, 348 B.R. 58, 60 (Bankr. E.D.N.C. Aug. 15, 2006).

Exemptions are to be liberally construed in favor of the debtor. *In re Mims*, 49 B.R. 283 (Bankr. E.D.N.C. 1985). Here, the female debtor has stated it is her intent to reside in the Real Property. Further, she testified that she ensures the Real Property has utilities and running water. She also has a television with a converter box and antennae in the Real Property. She keeps much of her personalty in the Real Property, including her bed. The female debtor maintains the property taxes and intends to make payments on the Real Property through the Chapter 13 plan. Accordingly, the Court finds the female debtor *uses* the Real Property as her residence. Therefore, the Debtors' claimed exemption in the Real Property is allowed pursuant to N.C. Gen. Stat. § 1C-1601(a)(1). Accordingly, the Trustee's objection to the Debtor's claim of exemptions is **OVERRULED**.

**SO ORDERED**.

**END OF DOCUMENT**